UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                                    Chapter 11

ORION HEALTHCORP INC. et al.,                                             Case No. 18-71748 (AST)

                                                               Debtors.                 Jointly Administered
------------------------------------------------------------------------x
HOWARD M. EHRENBERG IN HIS CAPACITY AS                    Adversary Proceeding No.
LIQUIDATING TRUSTEE OF ORION HEALTHCORP             20-08051 (AST)
INC., ET AL.,

                                                     Plaintiffs,

                   -against-

ELENA SARTISON; 2 RIVER TERRACE APARTMENT
12J LLC, CLODAGH BOWYER GREENE A/K/A
CLODAGH BOWYER, ELLIOTT GREENE,

                                                     Defendants.
------------------------------------------------------------------------x

## ANSWER OF THE GREENE DEFENDANTS

The defendants herein, Clodagh Bowyer Greene and Elliott Greene (collectively, the "Greene Defendants"), by and through their attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for their Answer to the Complaint of Howard M. Ehrenberg as Liquidating Trustee (the "Plaintiff"), respectfully allege as follows:

### PARTIES

1. The Greene Defendants admit the allegations contained in paragraph "1" of the Complaint to the extent they are consistent with the case docket reflecting the underlying Liquidating Trust agreement.

2. The Greene Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "2" and "3" of the Complaint.

3. The Greene Defendants admit the allegations contained in paragraphs "4" and "5" of the Complaint to the extent that they are residents of the State of California.

## STANDING

4. The Greene Defendants admit the allegations contained in paragraphs "6" and "7" of the Complaint to the extent they are consistent with the case docket and the underlying pleadings referred to therein.

5. The Greene Defendants neither admit nor deny the allegations contained in paragraphs "8" and "9" of the Complaint, which refer to written documents, the terms of which speak for themselves.

## JURISDICTION AND VENUE

6. The Greene Defendants neither admit nor deny the allegations set forth in paragraphs "10" and "11" of the Complaint, which involve questions of law that are respectfully referred to the Court for determination, except admit that a fraudulent conveyance action constitutes a core proceeding .

7. The Greene Defendants do not consent to the entry of a final order or judgment for the purposes of paragraph "12" of the Complaint.  The Greene Defendants did not file a proof of claim in bankruptcy, and have not otherwise consented to the jurisdiction of the Bankruptcy Court.  Thus, under significant authority, the Plaintiff's fraudulent conveyance claims are "private rights" claims that, under *Stern v. Marshall,* 564 U.S. 462 (2011), and the U.S. Constitution, must be finally decided in the District Court, although the Bankruptcy Court can hear and determine a number of preliminary matters in the Adversary Proceeding.

8. The Greene Defendants admit the allegations contained in paragraph "13" of the Complaint, subject to the statement made with regard to paragraph "12" of the Complaint.

**BASIS FOR RELIEF REQUESTED**

9. The Greene Defendants neither admit nor deny the allegations contained in paragraph "14" of the Complaint, which consist of statements of the Plaintiff's intent, and deny that that subject transfer concerning the Greene Defendants is avoidable.

**FACTS**

10. The Greene Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15", "16", "17", "18", "19", "20", "21" and "22" of the Complaint, except admit that the subject condominium unit (the "Apartment Unit") was sold (the "Sale") on or about February 19, 2016 to one of the Debtors for fair and valuable consideration, as referenced in the Complaint.

**RESPONSE TO THE FIRST CAUSE OF ACTION**

11. The Greene Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "23", "24", "25", "26" and "27" of the Complaint, which are not directed or applicable to the Greene Defendants.

**RESPONSE TO THE SECOND CAUSE OF ACTION**

12. The Greene Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "28", "29", "30" and "31" of the Complaint, which are not directed or applicable to the Greene Defendants.

**RESPONSE TO THE THIRD CAUSE OF ACTION**

13. The Greene Defendants repeat and reallege the allegations set forth in response to paragraphs "1" through "31" of the Complaint as though set forth at length herein in response to the allegations contained in paragraph "32" of the Complaint.

14. The Greene Defendants deny the allegations set forth in paragraphs "33", "34" and "35" of the Complaint.

**RESPONSE TO THE FOURTH CAUSE OF ACTION**

15. The Greene Defendants repeat and reallege the allegations set forth in response to paragraphs "1" through "35" of the Complaint as though set forth at length herein in response to the allegations contained in paragraph "36" of the Complaint.

16. The Greene Defendants deny the allegations set forth in paragraphs "37", "38", "39" and "40" of the Complaint.

**RESPONSE TO THE FIFTH CAUSE OF ACTION**

17. The Greene Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "41", "42", and "43" of the Complaint, which are not directed or applicable to the Greene Defendants.

**RESPONSE TO THE SIXTH CAUSE OF ACTION**

18. The Greene Defendants repeat and reallege the allegations set forth in response to paragraphs "1" through "43" of the Complaint as though set forth at length herein in response to the allegations contained in paragraph "44" of the Complaint.

19. The Greene Defendants deny the allegations set forth in paragraphs "45" and "46" of the Complaint.

**RESPONSE TO THE SEVENTH CAUSE OF ACTION**

20. The Greene Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "47", "48", "49" and "50" of the Complaint, which are not directed or applicable to the Greene Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The Complaint fails to state valid claims and causes of action for which relief can be granted under 11 U.S.C. §544(b) by reason of, *inter alia*, the Plaintiff's failure to identify any actual existing unsecured creditor of Constellation Healthcare Technologies LLC ("CHT") as of February 19, 2016, holding an allowed claim in the bankruptcy cases, that could have avoided the sale of the Apartment Unit under state law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. Irrespective of whether Plaintiff asserts fraudulent conveyance claims under the Bankruptcy Code (Section 548) or State law (Section 544(b)), the Greene Defendants at all times acted in good faith without any intention to defraud, and received and provided fair consideration for the Sale of the Apartment Unit.

23. As such, the Greene Defendants are good faith transferees under 11 U.S.C. §548(c)[1], as applicable, and New York State Debtor and Creditor Law §272.

24. The sale of the Apartment Unit came about through normal and customary marketing channels. The Greene Defendants retained a broker and placed the Apartment Unit on the market months before the sale to CHT. The sale was motivated by the Greene Defendants' desire to relocate to California for personal reasons. In fact, the Greene Defendants had already moved to California months before the time of the Sale.

25. It was by happenstance that Paul Parmar learned the Apartment Unit was on the market, and the proposal received from Mr. Parmar was consistent with other offers received at the time.

---

[1] While the third and fourth causes of action are pled under Section 544(b), there is a reference to Section 548(a)(1)(B) in the caption of the Fourth Claim for Relief. Accordingly, the 11 U.S.C. §548(c) good faith defenses applicable to §548 claims are hereby invoked as applicable.

26. The Greene Defendants' decision to sell the Apartment Unit to CHT was influenced by the fact that CHT could proceed to a closing promptly without a financing contingency. The Greene Defendants had no involvement in the manner in which Mr. Palmar structured the sale or designated the buying entity.

27. The sales price represented fair market value for the Apartment Unit, and there is no specific allegation that CHT was insolvent at the time of the Sale or became insolvent as a result thereof.

28. In view of all of the foregoing, all fraudulent conveyance claims against the Greene Defendants under either state or federal law should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Any potential fraudulent conveyance claim asserted under 11 U.S.C. §548 are time barred because the sale of the Apartment Unit occurred more than two years prior to the commencement of the bankruptcy proceedings (See footnote "1").

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. The Plaintiff does not have proper standing to assert claims against the Greene Defendants in the wake of the global settlement (ECF #775) made with the United States Department of Justice dated September 10, 2020 (the "Global Settlement"). Pursuant to the Global Settlement, Plaintiff, *inter alia*, agreed that forfeiture proceedings instituted by the Department of Justice should continue against the Apartment Unit and other assets. Also, pursuant to the Global Settlement, the Plaintiff was permitted to file for remission, and thereby share in the recovery thereof as its chosen remedy. Thus, by participating in the Global Settlement, the Plaintiff has no residual claims against the Greene Defendants, and has waived or

is otherwise estopped from pursuing this Adversary Proceeding as it relates to the Greene Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. To the extent that the Greene Defendant have any liability to Plaintiff, the Greene Defendants are entitled to lien rights, setoff rights, and/or recoupment rights equal to the value of the Apartment Unit, under principles of subrogation, common law indemnity, and doctrines relating to election of remedies and avoidance of forfeitures.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. The Complaint fails to allege fraud with the required specificity, and should be dismissed.

## RESERVATION OF CLAIMS

33. Depending on the outcome of the Department of Justice forfeiture proceedings, the Greene Defendants reserve all rights to counterclaim or cross-claim against 2 Riverside Terrace Apartment 12J LLC to assert lien or equitable rights in connection with any potential avoidance of the Sale of the Apartment Unit.

WHEREFORE, the Greene Defendants respectfully demand judgment dismissing Plaintiffs' Complaint, together with such other relief as this Court deems just and proper.

Dated: New York, New York
April 8, 2020

        Goldberg Weprin Finkel Goldstein LLP
        *Attorneys for the Greene Defendants*
        1501 Broadway, 22nd Floor
        New York, New York 10036
        (212) 221-5700

By: /s/ Kevin J. Nash, Esq.