UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No.: 18-71748 (AST) |
| Debtors, | |

----------------------------------------------------------------- x

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP INC., ET. AL., | |
| Plaintiffs, | Adversary Proceeding No. 20-08051 (AST) |
| v. | |
| ELENA SARTISON, 2 RIVER TERRACE APARTMENT 12J LLC, CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER, ELLIOTT GREENE, | |
| Defendants. | |

------------------------------------------------------------------------x

## ANSWER OF ELENA SARTISON

The defendant herein, Elena Sartison, by and through her attorney, Albert Y. Dayan, Esq., as and for their Answer to the Complaint of Howard M. Ehrenberg as Liquidating Trustee (the "Plaintiff"), respectfully allege as follows:

## PARTIES

1. Defendant Sartison admits the allegations contained in paragraph "1" of the Complaint to the extent they are consistent with the case docket reflecting the underlying Liquidating Trust agreement.

2. Defendant Sartison denies the allegations contained in paragraph "2" of the Complaint.

3. Upon information and belief, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "3," "4," and "5" of the Complaint.

1

## STANDING

4. Defendant Sartison admits the allegations contained in paragraphs "6" and "7" of the Complaint to the extent they are consistent with the case docket and the underlying pleadings referred to therein.

5. Defendant Sartison neither admits nor denies the allegations contained in paragraphs "8" and "9" of the Complaint, which refer to written documents, the terms of which speak for themselves.

## JURISDICTION AND VENUE

6. Defendant Sartison neither admits nor denies the allegations set forth in paragraphs "10" and "11" of the Complaint, which involve questions of law that are respectfully referred to the Court for determination, except admit that a fraudulent conveyance action constitutes a core proceeding.

7. Defendant Sartison does not consent to the entry of a final order or judgment for the purposes of paragraph "12" of the Complaint. Defendant Sartison did not file a proof of claim in bankruptcy, and has not otherwise consented to the jurisdiction of the Bankruptcy Court. Thus, under significant authority, the Plaintiff's fraudulent conveyance claims are "private rights" claims that, under *Stern v. Marshall,* 564 U.S. 462 (2011), and the U.S. Constitution, must be finally decided in the District Court, although the Bankruptcy Court can hear and determine a number of preliminary matters in the Adversary Proceeding.

8. Defendant Sartison admits the allegations contained in paragraph "13" of the Complaint, subject to the statement made with regard to paragraph "12" of the Complaint.

## BASIS FOR RELIEF REQUESTED

9. Defendant Sartison neither admits nor denies the allegations contained in paragraph "14" of the Complaint, which consist of statements of the Plaintiff's intent, and deny that, that subject transfer concerning Defendant Sartison is avoidable.

## FACTS

10. Defendant Sartison denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15" and "16."

11. Defendant Saritson admits learning of the indictment against Parmar, Zaharis, and Chivukula post facto, but denies knowledge and information sufficient to form a belief as to the rest of the allegations in paragraph "17."

12. Defendant Saritson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18", "19", and "20."

13. Defendant Saritson admits to being a paramour and at times an employee of Parmar. Defendant Saritson denies knowledge and information as to whether she held a formal position with the Debtor. Defendant Saritson denies knowledge and information sufficient to form a belief as to the allegations of "misappropriating the funds of the Debtors for the purchase of the Condominium Unit, Parmar and/or Defendant Saritson occupied the Condominium Unit without compensation to the Debtor," as those allegations are made in paragraph "21" of the Complaint.

14. Defendant Saritson denies the allegations made in paragraph "22" of the Complaint, and denies knowledge and information sufficient to form a belief as to whether CHT "received no consideration in exchange for the card transfer."

## RESPONSE TO THE FIRST CAUSE OF ACTION

15. As to paragraph "23," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

16. Defendant Saritson admits in part and denies in part the allegations made in paragraph "24" of the Complaint.

17. Defendant Saritson denies knowledge and information sufficient to form a belief as to the allegations made in paragraph "25" of the Complaint.

18. Defendant Saritson admits in part and denies in part the allegations made in paragraph "26" of the Complaint.

19. Defendant Saritson denies knowledge and information as to the truth of the allegations contained in paragraph "27."

## RESPONSE TO THE SECOND CAUSE OF ACTION

20. As to paragraph "28," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

21. Defendant Sartison denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "29."

22. Defendant Saritson denies the allegations made in paragraphs "30" and "31" of the Complaint.

### RESPONSE TO THE THIRD CAUSE OF ACTION

23. As to paragraph "32," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

24. Defendant Saritson denies the allegations made in paragraph "33" of the Complaint.

25. Defendant Saritson denies the allegations made in paragraph "34," as they pertain to her personally, and denies knowledge and information sufficient to form a belief as to how the allegations pertain to others.

26. Defendant Saritson denies the allegations made in paragraph "35" of the Complaint.

### RESPONSE TO THE FOURTH CAUSE OF ACTION

27. As to paragraph "36," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

28. Defendant Saritson denies the allegations made in paragraph "37," as they pertain to her personally, and denies knowledge and information sufficient to form a belief as to the allegations pertaining to others.

29. Defendant Sartison denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "38."

30. Defendant Saritson denies the allegations made in paragraph "39," as they pertain to her personally, and denies knowledge and information sufficient to form a belief as to how the allegations pertain to others.

31. Defendant Saritson denies the allegations made in paragraph "40" of the Complaint.

### RESPONSE TO THE FIFTH CAUSE OF ACTION

32. As to paragraph "41," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

33. Defendant Sartison denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "42."

34. Defendant Saritson denies the allegations made in paragraph "43" of the Complaint.

### RESPONSE TO THE SIXTH CAUSE OF ACTION

35. As to paragraph "44," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

36. Defendant Saritson denies the allegations made in paragraphs "45" and "46" as they pertain to her personally, and denies knowledge and information sufficient to form a belief as to how the allegations pertain to others.

## RESPONSE TO THE SEVENTH CAUSE OF ACTION

37. As to paragraph "47," Defendant Sartison repeats and re-alleges her answers and allegations contained in each preceding paragraph of her answer as though set forth fully herein.

38. Defendant Saritson denies the allegations made in paragraphs "48," "49," "50," and "51" as they pertain to her personally, and denies knowledge and information sufficient to form a belief as to how the allegations pertain to others.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails to state valid claims and causes of action for which relief can be granted under 11 U.S.C. §544(b) by reason of, *inter alia*, the Plaintiff's failure to identify any actual existing unsecured creditor of Constellation Healthcare Technologies LLC ("CHT").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. Irrespective of whether Plaintiff asserts fraudulent conveyance claims under the Bankruptcy Code (Section 548) or State law (Section 544(b)), Defendant Sartison at all times acted in good faith without any intention to defraud, and received and provided fair consideration for any of the very limited charges on the card she used for herself to purchase coffee and other small items.

41. As such, Defendant Sartison is a good faith transferee under 11 U.S.C. §548(c)[1], as applicable, and New York State Debtor and Creditor Law §272.

42. The use of her card, specifically the very limited amount used for her self personally, came about through seemingly normal and customary marketing channels and for consideration.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. The Plaintiff does not have proper standing to assert claims against Defendant Sartison in the wake of the global settlement (ECF #775) made with the United States Department of Justice dated September 10, 2020 (the "Global Settlement"). Pursuant to the Global Settlement, Plaintiff, *inter alia*, agreed that forfeiture proceedings instituted by the Department of Justice should continue against other assets. Also, pursuant to the Global Settlement, the Plaintiff was permitted to file for remission, and thereby share in the recovery thereof as its chosen remedy. Thus, by participating in the Global Settlement, the Plaintiff has no residual claims against the Greene Defendants, and has waived or is otherwise estopped from pursuing this Adversary Proceeding as it relates to Defendant Sartison.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. To the extent that Defendant Sartison has any liability to Plaintiff, Defendant Sartison is entitled to lien rights, setoff rights, and/or recoupment rights equal to the consideration provided by her, under principles of subrogation, common law indemnity, and doctrines relating to election of remedies and avoidance of forfeitures.

---

[1] While the third and fourth causes of action are pled under Section 544(b), there is a reference to Section 548(a)(1)(B) in the caption of the Fourth Claim for Relief. Accordingly, the 11 U.S.C. §548(c) good faith defenses applicable to §548 claims are hereby invoked as applicable.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. The Complaint fails to allege fraud with the required specificity, and should be dismissed as to Defendant Saritson.

WHEREFORE, the Defendant Elena Sartison respectfully demands judgment dismissing Plaintiffs' Complaint as to her, together with such other relief as this Court deems just and proper.

Dated: Kew Gardens, New York
June 24, 2020

Respectfully submitted,

_____/s/_____
Albert Y. Dayan, Esq. (AYD-5222)
Attorney at Law for Defendant
ELENA SARTISON
80-02 Kew Gardens Road, Suite 902
Kew Gardens, New York 11415
(718) 268-9400
dayanlaw@aol.com