UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08051 (AST) |
| Plaintiff, | |
| v. | |
| ELENA SARTISON; 2 RIVER TERRACE APARTMENT 12J, LLC; CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER; ELLIOTT GREENE, | |
| Defendants, | |

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative, Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, (the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44); the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51); the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication* (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material fact exist which preclude entry of any of the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

2. The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfers of the funds as described in the Motion which were used to purchase the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") and the transfer of legal title to the Condominium Unit to Defendant 2 River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail on the record of the Ruling Hearing.

3. The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in detail on the record.

4. The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5. It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a) is property of the Debtors' estates, (b) the Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6. Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

7. The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

8. Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

9. The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



**Dated: March 1, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**