UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC, | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------

**STIPULATION AND AGREED ORDER IN RESOLUTION OF
THE MOTION FOR ENTRY OF AN ORDER AUTHORIZING
LIQUIDATING TRUSTEE TO ABANDON AND DISPOSE OF PERSONAL
PROPERTY LOCATED AT 2 RIVER TERRACE, APARTMENT 12J, NEW YORK,
NEW YORK PURSUANT TO BANKRUPTCY CODE SECTIONS 544(A) AND 363**

This Stipulation ("Stipulation") is entered into between Plaintiff Howard M. Ehrenberg in

his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, (the "Trustee"), and Defendant,

2 River Terrace Apartment 12J, LLC ("Defendant") (the Trustee and the Defendant, collectively,

the "Parties") to the above-captioned adversary proceeding (the "Adversary Proceeding"), by and

through their undersigned counsel, in resolution of the motion as described herein presently pending

before the Court.

## RECITALS

WHEREAS, Plaintiff is the duly appointed trustee under that certain Liquidating Trust Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc. and certain of their affiliates.  On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

WHEREAS, the Plan provides, among other things, for the formation of the Liquidating Trust, appointment of the Liquidating Trustee,  on the Effective Date (as that term is defined in the Plan) and that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including pursue all Causes of Action of the Debtor's Estates.

WHEREAS, the Defendant is a limited liability corporation formed and operating in accordance with the laws of the State of New York.

WHEREAS, the Trustee filed an adversary proceeding, Case No. 20-08051 asserting claims including against Defendant to avoid and recover alleged fraudulent transfers with respect to the acquisition and transfer of title to the Condominium Unit located at 2 River Terrace, Apartment 12J, New York, NY 10005 (the "Condominium Unit").

WHEREAS, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

WHEREAS this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

2

WHEREAS, venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

WHEREAS, on March 19, 2021, Plaintiff filed the *Motion Pursuant to Bankruptcy Code Sections 544(a) and 363 For Entry of an Order Authorizing Liquidating Trustee to Abandon and Dispose of Personal Property Located at 2 River Terrace, Apartment 12J, New York, New York* [Docket No. 929] (the "Motion")

WHEREAS, on April 6, 2021, Defendant filed its *Opposition to Trustee's Motion Pursuant to Bankruptcy Code Sections 544(a) and 363 For Entry of an Order Authorizing Liquidating Trustee to Abandon and Dispose of Personal Property Located at 2 River Terrace, Apartment 12J, New York, New York* [Docket No. 933].

WHEREAS, the Trustee and Defendant have met and conferred in good faith to reach a resolution regarding the timely removal of the personal property located in the Condominium Unit.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1.      Defendant will remove the entirety of all personal property within the Condominium Unit on **May 28, 2021** (the "Move-Out-Date") in accordance with the provisions herein.

2.      Both Parties agree to have at least one representative present at the Condominium Unit on the Move-Out-Date.

3.      Defendant agrees to comply with the move out requirements including to provide to the residential manager Kevin Holston of the Board of Managers of the Riverhouse One Rockefeller Park Condominium (the "Board") and the property manager, Neil Duggan of Douglas Elliman Property Management ("Elliman"), no later than May 14, 2021: ( a) a certificate

3

of insurance from the moving company with Defendant, the Board, and Elliman listed as additional insureds, with coverage not less than $1,000,000 (general liability), $1,000,000 (automotive), and minimum statutory limits for worker's compensation insurance, (b) a signed indemnification agreement in a form acceptable to the Board addressing any potential damages associated with the Move-Out, (c) a $100 move-out fee, and (d) a $1,000 move-out deposit made payable to the Board expressly to cover damage to the building which deposit is fully refundable.

4.      Plaintiff agrees to provide to the Board and Elliman a signed indemnification agreement in a form acceptable to the Board addressing any potential damages associated with the Move-Out.

5.      The Parties will act in good faith to facilitate compliance with the move-out requirements should any issue(s) arise.

6.      Should the Defendant not remove the personal property on May 28, 2021, or a date prior thereto based on the agreement and consent of the Residential Board, the Parties agree that any personal property remaining in the Condominium Unit after May 28, 2021, is deemed abandoned and can be donated, sold or disposed of by the Plaintiff in his business judgment.

7.      The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive their respective rights to (a) any trial (jury or otherwise) in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute; (b) appeal, or (c) otherwise attempt to set aside or attack the Stipulation and Order.

4

8.     The Parties acknowledge that they have each carefully read and understood this Stipulation in its entirety, and have had the opportunity to seek advice from legal counsel of their own choosing prior to executing the Stipulation.

9.     Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

10.     This Stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation.  Delivery of a signature page to this Stipulation by facsimile or other electronic means shall be effective as delivery of the original signature page to this Stipulation.

Dated:  May 3, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Attorneys for Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al*

Ilan D. Scharf, Esq.
Jeffery P. Nolan, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Email:  ischarf@pszjlaw.com
             jnolan@pszjlaw.com

Dated: May 3, 2021

**PARLATORE LAW GROUP**

*/s/ Maryam N Hadden*
Maryam N. Hadden
One World Trade Center
Suite 8500
New York, NY 10007
Telephone: (646)846-6382
Email: Maryam.hadden@parlatorelawgroup.com

**SO ORDERED:**



**Dated: May 6, 2021**
    **Central Islip, New York**

                 **Alan S. Trust**
         **Chief United States Bankruptcy Judge**