UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC[1]. | : | Case No. 18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : : : | Adv. Pro. No. 20-08051 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ELENA SARTISON; 2 RIVER TERRACE APARTMENT 12J, LLC; CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER; ELLIOTT GREENE, | : : : : | |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF PLAINTIFF'S MOTION FOR
## **DETERMINATION OF FINAL ORDER AWARDING SUMMARY JUDGMENT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:338323.2

PLEASE TAKE NOTICE that Plaintiff, Howard M. Ehrenberg, Liquidating Trustee for Orion HealthCorp., Inc. hereby gives notice and attaches with the accompanying (i) *Motion for Determination of Final Order Awarding Summary Judgment Relief Sought*; and (ii) the *Declaration of Jeffrey P. Nolan*, together with the exhibits annexed thereto, for such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Setting Trial by Video Conference and Establishing Related Deadlines [Docket No. 83]; any response must be filed no later than **June 14, 2021 at 12:00 p.m. EST**.

Dated:    June 9, 2021              PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ Jeffrey P. Nolan*
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc.,
*et al*.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08051 (AST) |
| Plaintiff, | |
| v. | |
| ELENA SARTISON; 2 RIVER TERRACE APARTMENT 12J, LLC; CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER; ELLIOTT GREENE, | |
| Defendants. | |

## MOTION FOR DETERMINATION OF FINAL
## <u>ORDER AWARDING SUMMARY JUDGMENT</u>

Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee for the Orion

HealthCorp., Inc. ("<u>Liquidating Trustee</u>" or "<u>Plaintiff</u>") submits this motion determining the

Summary Judgment Order (as defined below) is final and appealable in non-opposition to

Defendant 2 River Terrace, LLC.'s Notice of Appeal of the Order of the Bankruptcy Court,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:338324.6

entered March 1, 2021 ("Summary Judgment Order"), [Adv. Dkt. 66] granting the Liquidating Trustee's *Motion For Summary Judgment, Or In The Alternative, Summary Adjudication As Against Defendant 2 River Terrace Apartment 12J, LLC* ("Complaint")   which Notice of Appeal filed by Defendant asserted the Summary Judgment Order to be a final appealable judgment.

**Relevant Facts**

1. Plaintiff filed the Complaint against Elena Sartison, 2 River Terrace Apartment 12J, LLC, Clodagh Bowyer Greene a/k/a Clodagh Bowyer and  Elliott Greene concerning the improper diversion of funds of the Debtor surrounding the acquisition of real property located at 2 River Terrace, Apartment 12J, located in, New York, NY (the "Condominium Unit"). Plaintiff filed his *Motion For Summary Judgment, Or In The Alternative, Summary Adjudication As Against Defendant 2 River Terrace Apartment 12J, LLC*, ("Motion For Summary Judgment") [Adv. 08051; Dkt 42] against Defendant 2 River Terrace, Apartment 12J, LLC only.

2. The Liquidating Trustee argued that multiple independent bases existed for the Court to grant the Motion For Summary Judgment avoiding the transfer of title to the "Condominium Unit to Defendant (the "Transfer") and requested monetary damages in the amount of the judgment lien recorded against the Condominium Unit for the unpaid fees and/or waste committed by the Defendant.  The basis of recovery all stem from the same basic fact pattern; the former CEO of the Debtor, Paul Parmar, transferred millions of dollars from the Debtors in a non-business-related transaction to the Condominium Unit's sellers and then transferred title to the Condominium Unit to a third-party corporation which had no business dealings with the Debtors, was owed no debt by the Debtors, and proffered no consideration to

the Debtors.  The Defendant was created and controlled by Mr. Parmar solely to enrich himself. Mr. Parmar misused corporate assets to pay for the Condominium Unit.

3. While denying the Plaintiff had met his burden on summary judgment on the intentional fraud theories and consequently denying the request for monetary damages, the Bankruptcy Court reached the conclusion that no consideration was given to the Debtor, let alone fair consideration, in exchange for the $5.6 million diverted from the Debtor's bank account to acquire the Condominium Unit, and the Transfer was a constructively fraudulent transfer in violation of New York Debtor and Creditor Law ("NYDCL") §§ 273 and 273-a. The Bankruptcy Court avoided the Transfer and awarded equitable and legal title to the Condominium Unit to the Plaintiff. *See* Summary Judgment Order.

4. On March 4, 2021, Defendant 2 River Terrace Apartment 12J, LLC, filed its Notice of Appeal of the Order on Summary Judgment with the United States District Court for the Eastern District of New York, asserting the order was a "final order".  Defendant raised two grounds on appeal: (1) The Bankruptcy Court abused its discretion in granting Plaintiff's Motion to Strike documents submitted by Defendant that did not meet the standards enumerated under the *Federal Rules of Evidence*, and (2)  after making a finding that the uncontroverted facts evidenced the transfer of the Condominium Unit to appellant were not on account of an antecedent debt owed to the Debtors, or in satisfaction of an antecedent debt owed to the Debtors and made for no consideration to the Debtors, let alone fair consideration, whether the Court erred as a matter of law in applying the presumption of insolvency under NYDCL §273.

5.      On May 11, 2021, Plaintiff filed his *Motion for Entry of an Order Authorizing the Sale of Apartment 12J Located at 2 River Park Avenue, New York, N.Y. Free and Clear of Liens, Claims, and Encumbrances and (II) Application for Entry of an Order Authorizing and Approving Payment to the Residential Board and of Sales Commission Upon Closing* (the "Sale Motion")[Dkt no. 949; 18:71748(AST)].[2]  The Sale Motion contemplates the sale of the Condominium Unit to an unrelated third party willing to pay $4.8 million, which would provide liquidity sufficient to satisfy a judgment lien obtained by the Residential Board (as defined in the Sale Motion) and payment of sums outstanding to the Residential Board.  Moreover, allowing the sale of the Condominium Unit will allow the Plaintiff to cease paying ongoing charges associated with the Condominium Unit.

6.      Defendant opposed the Sale Motion but has not made any effort to pay any costs of the Condominium Unit for about three years; nor has Defendant taken any steps to fund ongoing costs of the Condominium Unit [Dkt no. 956; 18:71748(AST)].  Defendant's appeal is yet another step in his war of attrition to that piles addition harm on the estates he has already irreparably harmed.

7.      Defendant opposed the Sale Motion in part on the basis that Defendant's appeal had not yet been heard before the District Court which precluded the sale of the Condominium Unit.  Defendant argued that it was being placed in an untenable position because Plaintiff contends that the appeal is interlocutory (and therefore a stay pending appeal is not available to Defendant) and, therefore, the Court should deny the Sale Motion in order to prevent a sale to

---

[2] The Sale Motion and all pleadings related and exhibits thereto are incorporated herein by reference for all purposes.

which Defendant has no remedy. In order to address that concern, Plaintiff hereby moves for an order of this Court determining that the Summary Judgment Order is a final, appealable order pursuant to Fed.R.Bankr.P. 7054.

8.   In accordance with Rule 8004(b)(1)(E), the Order being appealed is included herewith. (See Declaration of J. Nolan, Ex. 1.)

## Discussion

9.   In order to determine that the Summary Judgment Order is a final, appealable order, the Court must determine whether it resolves the entirety of the litigation despite the fact other parties and issues to the litigation remain.

**A.   Legal Standard**

10.   Courts in this District apply the standard under 28 U.S.C. § 1292(b) ("§ 1292(b)") in evaluating whether an order is a final, appealable order. *Lehman Brothers Special Financing Inc. v. BNY Corp. Trustee Servs. Ltd. (In re Lehman Brothers Holdings Inc.)*, 422 B.R. 403, 405 (S.D.N.Y. 2009). Under this standard, the movant must demonstrate that three conditions have been met: (1) the order in question involves a controlling question of law; (2) the order contains substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *SIPC v. Bernard L. Madoff Inv. Securities LLC*, No. 11-mc-285, 2011 WL 6057927, at *4 (S.D.N.Y. Dec. 6, 2011).

11.   A controlling question of law is a pure legal question that the reviewing court could decide quickly and cleanly without having to study the record. The question on interlocutory appeal must also be controlling in the sense that reversal of the bankruptcy court's

order would terminate the action, or determination of the question "would materially affect the litigation's outcome." *Lehman Brothers*, 422 B.R. at 406 (citations and quotations omitted).

12. In determining whether a controlling question of law exists, "the court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *In re Facebook, Inc. IPO Secs. and Deriv. Litig.*, 986 F. Supp. 2d 524, 535-36 (S.D.N.Y. 2014) (quoting *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-cv-6784, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013)). The impact an appeal will have on other cases need not be large, but it "is a factor that [the court] may take into account." *Facebook*, 986 F. Supp. 2d 536 (quoting *Klinghoffer*, 921 F.2d at 24). "Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).

13. In this case, a controlling issue of law is involved as far as the standard to be applied for the admissibility of evidence on summary judgment is an established legal standard the reviewing court could decide quickly and cleanly. It is well settled as a matter of law that the party opposing summary judgment must produce evidentiary proof in admissible form demonstrating the existence of triable issues of material fact. Documents introduced in opposition to the Motion for Summary Judgment were incomplete, illegible, unreliable and without any evidentiary basis to support a foundation or authenticity. The application of Federal

Rules of Civil Procedure 56 to the present proceedings is clear.  Similarly, with respect to the second issue on appeal, the existence of a presumption of insolvency under NYDCL §273, and the application of NYDCL §273-a in self-interested transactions, both are well established under current Second Circuit legal authorities.  The determination of the Order on Summary Judgment will involve a controlling issue of law well documented by the United States Supreme Court and the Second Circuit.

14. As such, in this case, the first element is met because the Summary Judgment Order fully resolves the question of whether Defendant or Plaintiff has title to the Condominium Unit.

15. Substantial grounds for difference of opinion exist where there is conflicting authority on the issue or the issue is particularly difficult and one of first impression in the Second Circuit.  *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990); *Certain Underwriters at Lloyd's of London v. Illinois Nat. Ins. Co.*, No. 09-cv-4418, 2013 WL 310383, at * 1 (S.D.N.Y. Jan. 25, 2013) (finding substantial grounds for difference of opinion regarding interpretation of precedential opinion). The reviewing judge has the duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute. F*lor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) (emphasis in original).  This second element is satisfied, because Plaintiff and Defendant clearly have substantial differences of opinion about whether the Condominium Unit and/or the funds to purchase it were fraudulently conveyed and whether title should properly reside with Plaintiff or Defendant.

16. The third element is met where an intermediate appeal would advance the ultimate termination of a litigation or if the appeal would advance the time to trial or shorten the trial. *Mills v. Everest Reinsurance Co.*, 771 F.Supp.2d 270, 274 (S.D.N.Y. 2009). The third prong is satisfied by a showing that the time and expense of discovery and trial would be avoided by a successful appeal. Certain Underwriters at Lloyd's, 2013 WL 310383, at *2. Clearly, there is no need to get to a trial in this case. However, an appeal on a final order will ultimately finalize Plaintiffs' entitlement to the Condominium Unit and avoid the need for any further trial if the appeal is denied. Plaintiff could pursue additional damages against Defendant based on the intentional fraudulent transfer counts that were not granted summary judgment. However, Plaintiff is willing to forego a trial on that issue in order to expedite final resolution of this matter.

## Conclusion

For all the foregoing reasons, Liquidating Trustee seeks entry of an order determining that the appeal is a final order in accordance with Bankruptcy Rule 8004(a)(2) as stated on the record at the Sale Motion hearing on June 3, 2021.

Dated: June 9, 2021           PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ Jeffrey P. Nolan*
     Ilan D. Scharf, Esq.
     Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
     780 Third Avenue, 34th Floor
     New York, New York 10017
     Telephone: (212) 561-7700
     Facsimile: (212) 561-7777

     Counsel for the Plaintiff,
     Howard M. Ehrenberg in his capacity as
     Liquidating Trustee of Orion Healthcorp, Inc.,
     *et al*.