UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 18-71748 (AST) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| HOWARD M. EHRENBERG IN HIS CAPACITY | : |
| AS LIQUIDATING TRUSTEE OF ORION | : Adv. Pro. No. 20-08051 (AST) |
| HEALTHCORP, INC., ET AL., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ELENA SARTISON; 2 RIVER TERRACE | : |
| APARTMENT 12J, LLC; CLODAGH BOWYER | : |
| GREENE A/K/A CLODAGH BOWYER; | : |
| ELLIOTT GREENE, | : |
| | : |
| Defendants. | : |
| | : |

--------------------------------------

**TRUSTEE'S OPPOSITION TO DEFENDANT 2 RIVER TERRACE
APARTMENT 12J LLC'S MOTION PURSUANT TO RULE 8007
FOR A STAY OF THE COURT'S MARCH 1, 2021,
<u>SUMMARY JUDGMENT ORDER PENDING APPEAL</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee for the Orion HealthCorp., Inc. ("Liquidating Trustee" or "Plaintiff") submits its Opposition (the "Opposition") to Defendant 2 River Terrace Apartment 12J LLC's ("Defendant") Motion Pursuant To Rule 8007 for a Stay of the Court's March 1, 2021, Summary Judgment Order Pending Appeal ("Motion") [Dkt. No. 84]

## **PRELIMINARY STATEMENT**

The remedy sought in the Opposition, to stay underlying legal proceedings, is the exception, not the rule, to be granted under the law in limited circumstances. Defendant cannot establish the elements necessary to carry the burden to stay the underlying legal proceedings; the appeal is without merit, the public benefit to the courts and parties favors avoiding further waste to the Property and efficiently resolving the multiple pending issues, and the substantial injury to Plaintiff if the stay is granted is clear- the probable loss of a 4.8 MM sale with the Property falling further into arrears or perhaps lost altogether. The Defendant, a single asset shell corporation, has no assets and will invariable walk-away on incurred damages as it has done for the past 3 years. [2] The Motion argues the Court must maintain the "status quo" pending Defendant's appeal. Not so. The Motion cannot establish three of the four elements necessary to warrant the extra-judicial remedy and is properly denied.

The Sale Motion has introduced a Buyer ready, willing and able to purchase the Property rather than allowing the Property to fall further into arrears or into a distressed sheriff's sale.

---

[2] At the January 21, 2021 oral argument on *Plaintiff's Motion For Summary Judgment, Or In the Alternative Summary Adjudication*, Plaintiff made clear he intended to sell and monetize the Property for the benefit of creditors. [Dkt No. pg 28-29]. Yet, it was not until months later after the Trustee filed the Sale Motion did Defendant act to stay the Court's Summary Judgment Order.

The Opposition does not offer a bond or other security, but simply seeks to stay the underlying adversary to stop the sale. The request is entirely inappropriate when the asset carries hundreds of thousands of dollars of debt and could be lost. The Motion should be denied.

## **ARGUMENT**

### A.    **The Request To Stay The Adversary Proceeding Is Not Warranted Under The Facts**

The party seeking the stay bears the burden of proof, and must show "'satisfactory' evidence on all four" factors of relief. *In re Taub, 2010*, Bankr. LEXIS 3458, *6 (Bankr. E.D.N.Y. 2010), citing to *Bijan-Sara Corp. v. Fed. Deposit Ins. Corp. (In re Bijan-Sara Corp.),* 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996) (quoting *In re Charles and Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 53 (Bankr. S.D.N.Y. 1988). Stays pending appeal are the exception, not the rule, and are granted only in limited circumstances. *In re Paolo Gucci*, 105 F.3d 837, 840 (2d Cir. 1997). Courts in this Circuit apply a well-established four-factor test to determine whether to enter a stay pending appeal:

Whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal, and (4) the public interests that may be affected.

As one court observed, "the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed." *ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337,

347 (S.D.N.Y. 2007).  In a motion for stay pending appeal, "[t]he single most important factor is likelihood of success on the merits." In re Taub, 470 B.R. 273, 278 (E.D.N.Y. 2012).[3]

(1)    <u>Whether the movant will suffer irreparable injury</u>:

Defendant asserts it will lose a unique property right absent the Court moving to stay the adversary action.  As stated by Defendant, the status quo must be maintained. (Motion, Dkt no. 84, §24).

The undisputed facts evidence the Defendant has refused to pay for this Property since 2018, ignored the legal proceedings in state court, and ignored the Notice of Sheriff's Sale to auction off the Property.   The Sheriff's Sale was averted due to the Liquidating Trustee's intervention and the Residential Board's consensual adjournment of the sale.  Defendant has refused to pay the monthly arrears associated with the upkeep of the Property so the "status quo" is a misnomer that carries with it the risk of loss to the Property and a certainty of increased damages. The status quo would also frustrate the Residential Board who has been forced to bankroll hundreds of thousands of dollars due to Defendant's refusal to pay for the costs associated with the Property, not for a period of months, but for three (3) years.  Lastly, the Motion is nothing more than a collateral attack on a duly noticed Sale Motion.  The argument is yet another delaying tactic that burdens all participants except Defendant.  Had the Defendant timely filed the Motion with the notice of appeal, the Defendant could have adjudicated these issues well before any claim of irreparable harm.  The harm claimed is simply the result of years

---

[3] The Motion asserts that the most significantly weighed factor is "irreparable harm" but cites to no case law for the proposition.  (Opposition, pg. 9)

of neglect which if allowed to fester further, will lead to the destruction of the asset in question. The harm which the Motion identifies would not be removed by granting the Motion.

(2)    <u>Whether a party will suffer substantial injury if a stay is issued</u>.

A party seeking a stay pending appeal must establish that a stay will not cause substantial harm to the non-moving party. *In re Taub, 2010*, Bankr. LEXIS 3458, *6 (Bankr. E.D.N.Y. 2010)  The Opposition claims the only other interested party is the Liquidating Trustee and he has only been in possession of the Property for a brief period such that no injury will occur to grant the remedy requested. The argument ignores the true state of affairs and this factor clearly <u>weighs against</u> granting the Motion.

The Residential Board who has appeared since October 2020, and requested notice of all pleadings, holds not less than $450,000 in debt from Defendant's refusal to care for the Property. The Residential Board has stated on multiple occasions they are not a bank to fund Defendant's refusal to abide by the residential by-laws.

The Debtor has lost millions of dollars due to Defendant's outrageous conduct in diverting funds of the Debtor for a clearly inappropriate transaction.  The Liquidating Trustee has engaged in a competitive sales process to ameliorate the harm and located a Buyer who has the financial ability to purchase the Property which will allow the Liquidating Trustee to return millions of dollars to the estate as well as pay off the Residential Board.  The bankruptcy courts occupy a key role maximizing the price of assets sold. *U.S. v. Salerno*, 932 F. 2d 117, 123 (2nd Cir. 1991)  Defendant had months to file a motion for stay pending appeal yet choose to wait until the Sale Motion to undermine the sale process.

The Liquidating Trustee is now forced to expend estate resources to maintain the Property and could very well lose the Buyers.[4] The injury to the Liquidating Trustee and Residential Board is real.  The Motion clearly cannot sustain its burden to satisfy this element.

(3)      Whether The Movant Has Demonstrated "A Substantial Possibility, Although Less Than A Likelihood, Of Success" On Appeal

The Motion cannot establish a substantial possibility of success on appeal as Defendant submitted no admissible evidence to evidence a triable issue of fact to warrant denying the motion for summary judgment. The appeal raises no new legal issue and is based on the same undisputed issues of fact[5].

On appeal, a bankruptcy court's "[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous." Fed. R. Civ. P. 52 (applicable pursuant to Fed. R. Bankr. P. 9014, 7052).  While the bankruptcy court's findings of fact are not conclusive, "the party that seeks to overturn them bears a heavy burden." *H & C Dev. Group. Inc. v. Miner (In re Miner),* 229 B.R. 561, 565 (2d Cir. 1999). The reviewing court must be left with a "definite and firm conviction" that a mistake has been made. *Ortega v. Duncan,* 333 F.3d 102, 107 (2d Cir. 2003) (citation omitted). "A bankruptcy court's conclusions of law, by contrast, are reviewed de novo." *In re Adelphia Commc'ns Corp., 367 B.R. 84, 90-91 (S.D.N.Y. 2007).*

At the Notice of Ruling, the Court issued lengthy factual findings most or all of which were undisputed facts agreed to by the parties.  The Opposition asserts that the Defendant has a

---

[4] A supersedeas bond is designed to protect the appellee and it is defendant's burden to provide specific reasons why the court should depart from the standard requirement of granting a stay only after posting a bond in the full amount of the judgment. 10 Collier on Bankruptcy §8007.09[1] (Richard Levin & Henry Sommer, 16th ed.) citing to *De la Fuente v. DCI Telecomm,* Inc. 269 F. Supp. 2d 237, 240(S.D.N.Y. 2003)

[5] See *In re Brown*, 2020 Bankr. LEXIS 1537, *24 (USBC SDNY, 2020)(moving party is simply rehashing an argument she made in opposition to the underlying motion)

substantial likelihood of success on appeal as it was (a) error to grant the Motion to Strike, and (b) the Defendant came forth with some evidence of insolvency which created a material issue of fact.   None of the issues argued by Defendant are persuasive.

The party proffering evidence has the burden of showing that the prerequisites for its admissibility are met.  *See*, *e.g.*, *Gentile v. County of Suffolk*, 926 F.2d 142, 151 (2d Cir. 1991); *United States v. Maldonado-Rivera*, 922 F.2d 934, 957 (2d Cir. 1990), *cert. denied*, 501 U.S. 1233 (1991) [The district court's findings as to whether those prerequisites have been met may not be overturned unless they are clearly erroneous].   When a party offers facts to support his contention asserting "an issue of fact remains" to oppose summary judgment, they must comply with Rule 56(e). *Federal Republic of Germany v. Elicofon,* 536 F. Supp. 813, 822 (E.D.N.Y 1978).  In the present case, in opposing the Motion For Summary Judgment, Or In The Alternative Summary Adjudication (<u>Motion For Summary Judgment</u>), Defendant submitted no affidvits or declarations to rebut the affidvits or key facts set forth in the Motion For Summary Judgment and further failed to lay a foundation for the documents attached to its opposition.  The issue was not merely academic as numerous of the documents were incomplete, contradictory, or unrecognizable.  Rule 56(d) sets forth a mechanism for a non-movant to explain why it cannot present facts essential to oppose a summary judgment.  Defendant did not request additional time or move the court in accordance with Rule 56 or otherwise.

Under Rule 56, once there is a showing of the absence of an issue of fact, the opposing party must produce specific evidence that raises a genuine issue.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  With

respect to the issue of insolvency, Plaintiff submitted financial records and affidavits as to the financial condition of the Debtor at the relevant time frame as well as noted the long-recognized presumption of insolvency settled under N.Y. Debt. & Cred. Law § 273, where the debtor makes a conveyance without fair consideration.  See *Kramer v. Mahia (In re Khan),* 2014 Bankr. LEXIS 4205, citing to *Geron v. Schulman (In re Manshul Constr. Corp.)*, 2000 U.S. Dist. LEXIS 12576, 2000 WL 1228866, at *53 (S.D.N.Y. Aug. 20, 2000); *Kramer v. Mahia (In re Khan*), 2014 Bankr. LEXIS 4205, 41 (Bkrtcy E.D.N.Y, 2016) (trustee has met his burden on summary judgment and there is no genuine issue of fact where Debtor transferred property for less than fair consideration or reasonably equivalent value, not on account of antecedent debt, and for intra-family transfer).  Again, Defendant submitted no affidavits or declarations to rebut the affidavits or take issue with the law.  Defendant failed to lay a foundation for the documents attached to its opposition.  The Court simply applied the federal rules of evidence.  Lastly, even if Defendant's arguments were supported by admissible evidence, the defense offered by Defendant, that Parmar was owed monies due to other companies being owed a debt by the Debtor, was an impermissible triangular set-off and as a matter of law prohibited under the Bankruptcy Code.

The appeal is nothing more than a delaying tactic.  The Motion regurgitates the opposition to the summary judgment motion and fails to clarify how the appeal would be successful.  The Motion fails to sustain its burden to establish this element.

(4)    <u>Public Interest Is Not Served To Grant The Request To Stay The Adversary Proceeding</u>

Defendant cannot point to any tangible interest served in favor of granting a stay which he characterizes as a "dispute between private parties over a particular piece of real estate". To the contrary, the grant of a stay would continue to harm a multitude of parties who have appeared before the Court seeking an efficient adjudication of the issues.

The public interest favors the prompt and efficient resolution of disputes. *In re Adelphia, 361 B.R. at 367-68; In re Enron Corp.*, 01-16034, 2006 WL 2400411 (Bankr. S.D.N.Y. May 10, 2006); In re Taub, 2010 Bankr. LEXIS 3458, *15 ((Bankr. E.D.N.Y. 2010) (the interests of creditors are a significant determinant of the public interest in a bankruptcy case); *In re Richmond,* 2014 Bankr. LEXIS 4332, *16 (Bankr. E.D.N.Y. May 10, 2014) (rejection of the argument that stay motion must be granted to secure due process right of appellant to address legal questions)

Since February 2018, <u>Defendant has refused to pay</u> the common charges, taxes, utilities, and assessments associated with the Property he claims is his "unique" property interest which has spawned a mass of legal proceedings including state court litigation and sheriff's sales. Defendant's conduct is responsible for the current state of affairs. The Residential Board since 2018, and the Trustee since March 2021, have all carried the burden to pay for the upkeep of the Property while Defendant sat on its rights. A bona fide purchaser for value is willing to fill the void so no further waste occurs to the Property which sale would decrease the amount of litigation before the state and federal courts. Further, bankruptcy proceedings contemplate the efficient and economic distribution of estate assets to creditors. The Public interest factor clearly

weighs against the request to stay the adversary pending appeal and the Motion cannot establish this element.

## **CONCLUSION**

The Motion clearly cannot establish 3 of the 4 elements necessary to carry its legal burden.  As to the element of "irreparable harm" which the Motion claims alone mandates relief, the harm is not unique to the appeal, but rather the result of  3 years of neglect imposed by Defendant on the Property.  Staying the underlying appeal does not remove the harm, but certainly would magnify the loss.  The Motion does not satisfy any of the legal elements for awarding the remedy requested.

Dated:    June 14, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ Jeffrey P. Nolan*
   Ilan D. Scharf, Esq.
   Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
   780 Third Avenue, 34th Floor
   New York, New York 10017
   Telephone:    (212) 561-7700
   Facsimile:    (212) 561-7777

   Counsel for the Plaintiff,
   Howard M. Ehrenberg in his capacity as
   Liquidating Trustee of Orion Healthcorp, Inc.,
   *et al.*