UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC[1]. | : | Case No. 18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08051 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ELENA SARTISON; 2 RIVER TERRACE APARTMENT 12J, LLC; CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER; ELLIOTT GREENE, | : | |
| | : | |
| Defendants. | : | |

---

### ORDER GRANTING MOTION FOR DETERMINATION
### OF FINAL ORDER AWARDING SUMMARY JUDGMENT

The Court, having considered the *Motion for Determination of Final Order Awarding Summary Judgment* [Docket No. 86] (the "Motion") filed by Howard M. Ehrenberg, the Liquidating Trustee of Orion Healthcorp, Inc., et al. (the "Liquidating Trustee") pursuant to which the Liquidating Trustee seeks an order determining the Summary Judgment Order (as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:338470.2 65004/003

defined below) is final and appealable in non-opposition to Defendant 2 River Terrace Apartment 12J, LLC.'s (the "LLC Defendant") Notice of Appeal of the Order of the Bankruptcy Court, entered March 1, 2021 (the "Summary Judgment Order") [Docket No. 66] granting the Liquidating Trustee's *Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC* (the "Complaint") which Notice of Appeal filed by Defendant asserted the Summary Judgment Order to be a final appealable judgment, and the accompanying declaration of Jeffrey P. Nolan (the "Declaration"), and any opposition submitted thereto; and the Court having considered the arguments of counsel and that notice of the Motion was adequate and no additional notice need be given; it is hereby:

**ORDERED ADJUDGED AND DECREED** that:

1. The Motion is GRANTED as set forth herein;

2. The Summary Judgment Order is hereby determined to be a final, appealable order.

3. All other Causes of Action in the Complaint for Avoidance and Recovery of: (1) Fraudulent Transfer; (2) Turnover of Property of the Estate; and (3) Recovery of Avoided Transfers; and (4) Declaratory Relief pursuant to 11 U.S.C. §§ 542, 544, 548 AND 550 (the "Complaint")[Docket No. 1] shall be severed and assigned to a new adversary proceeding.  Such causes of action are all Causes of Action in the Complaint, except the Fourth Claim for Relief (Complaint ¶¶ 36-40) as to the LLC Defendant, the Sixth Claim for Relief (Complaint ¶¶ 44-46) solely to the extent is seeks recovery of property against the LLC Defendant on account of constructive fraud and the Seventh Claim For Relief (Complaint ¶¶ 47-51)  solely to the extent that is seeks declaratory relief against the LLC Defendant with respect to constructive fraud (collectively, the "Subject Causes of Action").

4. The Subject Causes of Action shall not be severed and the Summary Judgment Order pertaining to such Subject Causes of Action shall be a final, appealable order.